AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

| | |
|---|---|
| United States of America<br>v.<br>RANDALL JIM HUGHES<br><br>*Defendant(s)* | ) ) ) ) ) ) ) )   Case No.<br>2:21-mj-00109 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 15, 2021__ in the county of __Lincoln__ in the __Southern__ District of __West Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 1. 21 U.S.C. 841(a)(1) | 1. Possession of a mixture or substance containing a detectable amount of Fentanyl with Intent to Distribute. |
| 2. 18 U.S.C. 922(g)(1) | 2. Possession of a Firearm by a Convicted Felon. |
| 3. 18 U.S.C. 111(a)(1) | 3. Resisting Federal Law Enforcement Officers while the Officers Were Engaged in Official Duties. |

This criminal complaint is based on these facts:
Please see attached affadavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

PJ Hodge, Deputy
*Printed name and title*

Sworn telephonically (reliable electronic means) by me.

Date: June 22, 2021

_____
*Judge's signature*

City and state: Charleston, West Virginia         Dwane L. Tinsley, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

STATE OF WEST VIRGINIA

COUNTY OF KANAWHA, to-wit:

I, PJ Hodge, being first duly sworn, do hereby depose and state as follows:

1. I am currently employed as a deputy with the Kanawha County Sheriff's Office and have been so employed since August of 2003. I am assigned to the Metropolitan Drug Enforcement Network Team (MDENT) as a Detective and also a task force officer (TFO) with Homeland Security Investigations (HSI). Prior to being assigned to MDENT, my duty assignment with the Kanawha County Sheriff's Office was a Detective with the "Sheriff's Tactical Operation Patrol" (S.T.O.P. Team). As a member of the S.T.O.P Team, I participated in undercover drug operations and investigated crimes, such as illegal narcotics distribution and firearms violations. Lastly, during my employment with the Kanawha County Sheriff's Office I was a narcotics canine handler for over ten years.

2. I have investigated cases involving firearms-related offenses, crimes of violence, crimes involving individuals conspiring to obtain or use firearms to commit felony offenses, the illegal sale, possession and use of firearms during the commission of these criminal acts, as well as the use,

distribution, and possession of illegal controlled substances. I have investigated crimes involving the illegal possession of firearms, and the trafficking of assorted controlled substances. I have utilized cooperating individuals to make controlled purchases of firearms and drugs. I have experience and training related to the identification of firearms and ammunition, and the function of firearms. I have training and experience that has made me familiar with the appearance, packaging, paraphernalia and distribution of controlled substances such as, cocaine powder (HCl), cocaine base (crack), heroin, marijuana, LSD, opioid and other pharmaceuticals, methamphetamine and other commonly used street drugs. I am also familiar with tactics utilized by firearms traffickers, and illegal possessors of firearms to distribute, acquire, maintain and possess illegal firearms.

3. I graduated from a sixteen (16) week West Virginia State Police Academy, where the course of study dealt with basic criminal investigation techniques. In addition, I have attended multiple police training classes which include:

- April 2009- Criminal Patrol and Drug Interdiction
- August 2009- Commercial vehicle interdiction
- June 2010- National concealment "trap" initiative (DEA)
- February 2011- Gang specialist training
- January 2015- Clandestine lab certification- (DEA)
- May 2016- Criminal patrol and drug interdiction workshop

- October 2016- Basic drug enforcement surveillance
- April 2018- Criminal interdiction conference
- October 2018- Narcotics officer conference

4. Your affiant's declaration is based upon his knowledge, training, experience, his conversations with other law enforcement officers, and his review of police reports of other officers. Your Affiant declares the following based upon information and belief:

5. On June 15, 2021, at approximately 1020 hours, I, as well as officers with the Kanawha County Warrant Division and federal law enforcement officers, went to the rented residence of Bert Tackett ("Tackett"), AKA, "BH" to serve an arrest warrant upon him. The warrant for Mr. Tackett's arrest had been issued in case number 2:21-cr-00097. Officers were also there to serve a circuit court capias warrant on Randall Jim "RJ" Hughes ("Defendant") for Fleeing with Reckless Indifference. Mr. Tackett's residence is located at 18 Gizmo Lane in Alkol, Lincoln County, West Virginia, which I know to be in the Southern District of West Virginia.

6. Prior to executing the arrest warrants, a briefing was held by members of the arrest team. Both Tackett and Defendant were known to have extensive criminal histories. Defendant had

previously attempted to assassinate a police officer and had to be arrested by a tactical unit on prior occasions.

7. After the briefing, the law enforcement team proceeded to Mr. Tackett's residence. United States Marshal Task Force Officer King ("TFO King") drove a United States Marshal vehicle down the driveway towards the residence. Also in the vehicle was Deputy United States Marshal Matthew Barger ("Barger"). Kanawha County Sheriff K-9 Deputy Ashley Keadle, ("Keadle") followed TFO King in her vehicle. A male driving an ATV was observed driving towards the U.S. Marshal vehicle at a high rate of speed. The male was recognized as Defendant. TFO King activated the lights and siren on his vehicle and Defendant was ordered to stop. TFO King moved his vehicle to block Defendant's path of travel. Defendant collided the ATV with TFO King's vehicle. Barger exited the vehicle to take Defendant into custody. Defendant got up and began running back towards the residence.

8. Keadle exited her vehicle and advised Defendant that she was going to release her K9 if he did not stop. Defendant refused to stop and the K9 ("Paco") was deployed. Paco apprehended Defendant approximately 50-75 yards away. Defendant resisted and kept reaching for his waistband. TFO King, Barger, and Keadle attempted

to place Defendant in restraints. However, Defendant continued to resist Paco and law enforcement officers.

9. Keadle observed two firearms in the front of Defendant's waistband. Keadle yelled to her fellow officers that Defendant had a gun. Defendant also continued reaching for his waistband. TFO King struck Defendant three times in the face after Keadle yelled that Defendant had a gun. Keadle was able to grab the two firearms from Defendant's waistband. Defendant continued to pull away from officers and disobey commands. Due to Defendant's continued resistance, Keadle drive stunned Defendant with her taser in his rib-cage area. Defendant pushed Keadle's taser off him and Keadle drive stunned Defendant again in the leg. While Defendant was resisting Paco and officers, he made the statement numerous times "just kill me." After Keadle drive stunned Defendant's leg, Defendant rolled over onto his stomach and placed his hands behind his back.

10. When officers stood Defendant up, a large amount of narcotics fell from his pants. The suspected narcotics that fell from Defendant's pants weighed approximately, 25.9 grams and field tested positive for fentanyl. I know based upon my training and experience, that fentanyl is a Schedule II controlled substance. Based on my training and experience, I know that 25.9 grams of fentanyl is a quantity consistent with illegal distribution. The

5

two firearms recovered from Defendant's person were a Springfield .45 caliber handgun and a Smith and Wesson 9mm handgun. Both of these firearms had loaded magazines. I know based upon my training and experience that both of these guns were manufactured outside the state of West Virginia so they were shipped and/or transported in interstate commerce. Also located on Defendant's person was $1,975.00 of U.S. currency.

11. I reviewed Defendant's criminal history as well as ECF No. 21 from United States District Court case number 2:05-cr-00169 in the Southern District of West Virginia. Based upon my review of these documents, Defendant was convicted of a violation of Title 18 U.S.C. §§ 922(k) and 924(a)(1)(B) on October 21, 2005. I also reviewed ECF No. 27 from United States District Court case number 2:12-cr-00147 in the Southern District of West Virginia. Based upon my review of this document and Defendant's criminal history, Defendant was convicted of a violation of Title 18 U.S.C. § 922(g)(1) on January 17, 2013.

12. I know that both of the above convictions are felonies punishable by a term of imprisonment exceeding one year. Both ECF No. 21 in case 2:05-cr-00169 and ECF No. 27 in 2:12-cr-00147 indicate that Defendant was personally present in Court when he pleaded guilty in both cases. Based upon this, affiant believes

6

that Defendant knew that he was a convicted felon when he possessed both firearms on June 15, 2021.

13. In addition to the above, affiant wants the Court to be aware that Mr. Tackett was located inside the residence with a female. Also found in the residence, was approximately 44.2 grams of a mixture or substance containing suspected fentanyl. This substance was field tested and tested positive for the presence of fentanyl. Also recovered was approximately 28.3 grams of suspected methamphetamine. The substance was field tested and tested positive for the presence of methamphetamine. I know based upon my training and experience that methamphetamine is a Schedule II controlled substance. Also recovered, was a Smith and Wesson 380 semi-automatic handgun with a loaded magazine and a Taurus 38 special revolver loaded with six rounds.

14. Based upon my knowledge, training, and experience, the aforementioned information set forth in this Affidavit constitutes probable cause to believe that Defendant has violated 21 U.S.C. § 841(a)(1), that is Possession of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (Also known as "fentanyl") with Intent to Distribute, 18 U.S.C. § 922(g)(1), that is possession of a firearm by a convicted felon and 18 U.S.C. § 111(a)(1), that is resisting

7

federal law enforcement officers King and Barger while they were engaged in their official duties. Based on the information set forth in this affidavit, your affiant hereby requests that an arrest warrant for Randall Jim Hughes be issued.

Further your affiant sayeth naught.

Deputy P.J. Hodge

Sworn telephonically (reliable electronic means), by me, this 22nd day of June 2021.

Dwane L. Tinsley
United States Magistrate Judge